## Ben Shaw v. The State.

### No. 7872. Decided November 7, 1923.

**1.—Selling Intoxicating Liquor—Principals.**

It would be immaterial whether defendant was acting alone or with another in the sale of the liquor, under the facts of the instant case, and the evidence being sufficient to sustain the conviction there is no reversible error.

**2.—Same—Evidence—Bill of Exceptions.**

Where the ground of objection in the bill of exceptions is that the testimony with regard to the marked money was irrelevant and immaterial, the objection was too general.

**3.—Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions complained of the testimony of the deputy city marshal that he marked certain bills and gave them to another because the transaction was not in the presence of the defendant, there was no reversible error.

**4.—Same—Evidence—Accomplice Testimony.**

That the officers gave the marked money to one Huckleby, and that he gave it to Jackson, and that Jackson took it and with it purchased liquor from defendant, would in no way make the officers accomplices within the meaning of the law.

**5.—Same—Evidence—Confession.**

The complaint that the court refused to withdraw from the jury the confession made by appellant presents no error.

6.—Same—Charge of Court—Principals.

There was no error in refusing a requested charge which was entirely contrary to the well-settled rule in regard to principals, and in addition would appear to be unsupported by the facts in the instant case.

7.—Same—Confession—Evidence.

The objections made to the introduction of defendant's confession upon the ground that the offense charged against him was not affirmatively made known to him, presents no error.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*W. E. Rogers* for appellant. On question of accomplice, Dever v. State, 30 S. W. Rep., 1071; Bush v. State, 151 id., 554; Denman v. State, 178 id., 332;; Huggins v. State, 210 id., 804.

*Tom Garrard* and *Grover C. Morris,* Assistant Attorneys General, for the State. On question of evidence about marked money, James v. State, 63 Texas Crim. Rep., 75; McGrath v. State, 35 id., 422.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Falls County of selling intoxicating liquors, and his punishment fixed at one year in the penitentiary.

Officers gave Cornelius Huckleby some marked money; he turned it over to Proctor Jackson who went to where appellant and another negro were and paid the money to one and as he claimed obtained the liquor from the other. Jackson testified that the other negro told appellant to go and give him the liquor and that he went with appellant and in the latter's wagon to a certain point and that appellant poured him out the liquor and delivered it to him. It would be immaterial whether appellant was acting alone or with another negro in the sale of the liquor. Under these facts he would be guilty. It was in testimony that shortly afterwards appellant was arrested and in his possession was found some of the marked money. The liquor was analyzed and tested by the State chemist and found to contain 46 per cent of alcohol. A confession signed by the appellant was introduced in evidence against him in which he sets out that one Briggs turned over to him the whisky in question and that he had it in his wagon on the night in question, and that he saw Allie Washington and witness Jackson talking near his wagon and the former told appellant that Jackson wanted a pint of whisky and that he then let Jackson have the whisky.

Appellant's first bill of exceptions complains of the fact that testimony was permitted in regard to the marked money given by the deputy city marshal to the witness Huckleby. The ground of the objection is that it was irrelevant and immaterial. The objection was too general.

Another bill of exceptions complains of the testimony of the deputy city marshal that he marked certain bills and gave them to Huckleby. The objection to this was that it was irrelevant and immaterial and constituted transactions out of the presence of the appellant. There is no more force to this objection than if the owner of property was permitted to testify that he locked his store or put the property in some particular place out of the presence and hearing of the appellant.

Appellant's bill of exceptions No. 5 complains of the refusal of the court to withdraw the testimony referred to in the two bills above mentioned. As we view it there is nothing in the complaint of the refusal of the charge to the jury that if the officer and witness Huckleby entered into a scheme to give the money to witness Jackson with the understanding that Jackson was to go and buy the whisky from some one else, that all of the parties would in law be accomplices. We have no disposition to extend the rules laid down in regard to accomplice testimony. That the officers gave the marked money to Huckleby and that he gave it to Jackson and that Jackson took it and with it purchased liquor from appellant, would in no way make the officers accomplices within the meaning of the law.

Complaint is made because the court refused to withdraw from the jury the confession made by appellant. The bill presents no error.

Appellant sought to have given to the jury an instruction that if they believed from the evidence that one Allie Washington priced and sold the whisky in controversy "belonging to Ben Shaw, to witness Prox Jackson, and that the said Allie Washington received the pay therefor, you cannot convict the defendant, although you may believe the defendant received the money that accrued from said sale." This would be entirely contrary to the well-settled rules in regard to principals, and in addition would appear to be unsupported by the facts in the instant case.

We do not regard the objection made to the introduction in evidence of the confession of the appellant upon the ground that the offense charged against him was not affirmatively made known to appellant, to present any merit.

The evidence in this seems ample to support the conviction, and being unable to agree to the soundness of any of appellant's contentions, an affirmance will be ordered.

*Affirmed.*